1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| **PAUL DAVID HOLGUIN,**<br><br>                         Petitioner,<br><br>          **v.**<br><br><br>**S. SHERMAN,**<br><br>                         Respondent. | Case No. 1:15-cv-00984 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br><br>**[Doc. 21]** |

19
20
21
22

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Max Feinstat, of the Office of the Attorney General for the State of California.

23

I.    **Background**

24
25
26
27
28

        Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon pleading guilty to one count of lewd and lascivious acts upon a child under the age of 14 on March 1, 2011. (Clerk's Tr. at 38, 40-41.) On March 29, 2011, Petitioner was sentenced to a determinate state prison term of twelve (12) years in prison. (Id.)

1    Petitioner did not file any direct appeal challenges to the conviction.  However, on
2    December 24, 2014, he filed a petition for writ of habeas corpus with the California Court
3    of Appeal, Fifth Appellate District.[1] (Lodged Doc. 2.) The petition was denied on January
4    15, 2015. (Lodged Doc. 3.) Petitioner then filed a petition with the California Supreme
5    Court on February 10, 2015.[2] (Lodged Doc. 4.) It was denied on April 29, 2015. (Lodged
6    Doc. 5.)

7        On June 24, 2015, Petitioner filed the instant federal Petition for Writ of Habeas
8    Corpus in this Court.[3] On October 13, 2015, Respondent filed a Motion to Dismiss the
9    petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. §
10   2244(d).  (Mot. to Dismiss, p.1.) However Defendant withdrew the motion to dismiss on
11   November 16, 2015 and filed an answer to the petition on December 21, 2015. (ECF
12   Nos. 18, 21.) Respondent, in his answer, asserts that Petitioner's claims are both
13   procedurally defaulted and untimely. Petitioner has filed a variety of responses,
14   objections, requests, and motions in response to Respondent's answer. (See ECF Nos.
15   23, 25-31, 33.) Accordingly the matter stands ready for adjudication.

16   **II.   Discussion**

17       **A.    Procedural Grounds to Dismiss a Petition**

18       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
19   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
20   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing
21   Section 2254 Cases.

---

22   [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition
23   to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d
     245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing
24   Section 2254 Cases. Although the petition was filed on January 2, 2015, the petition shall be considered
     filed on December 24, 2014, the date Petitioner signed the petition.

25   [2] Although the petition was filed on February 20, 2015, the petition shall be considered filed on
26   February 10, 2015, the date Petitioner signed the petition.

27   [3] Although the petition was filed on June 29, 2015, the petition shall be considered filed on June
     24, 2015, the date Petitioner signed the petition.

28

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's answer is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1) and procedural default. Because Respondent's answer is based on procedural standing due to state procedural default and untimeliness, the Court will review Respondent's answer pursuant to its authority under Rule 4. The Court will first review whether the petition was timely filed.

**B.** **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on June 24, 2015 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the operative judgment issued on March 29, 2011. Accordingly, his conviction became final 60 days later on May 28, 2011. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on May 29, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

**C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

4

1    Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

2    under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

3    timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

4    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

5    determined by the federal courts to have been untimely in state court will not satisfy the

6    requirements for statutory tolling. Id.

7         Petitioner waited until December 24, 2015 to file his first petition for writ of habeas

8    corpus challenging the conviction. As the limitations period commenced on May 29,

9    2011, it expired a year later on May 29, 2012. As the year limitations period expired on

10   May 29, 2012, the state habeas petition was filed over two years after the limitations

11   period expired. State petitions filed after the expiration of the statute of limitations period

12   shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)

13   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended

14   before the state petition was filed."). The present petition was filed on June 24, 2015,

15   over three years after the expiration of the year statute of limitations period. The instant

16   federal petition is untimely.

17        **D.    Equitable Tolling**

18        The limitations period is subject to equitable tolling if the petitioner demonstrates:

19   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

20   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

21   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

22   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

23   Cir. 1993). Petitioner presents two arguments as to why he is entitled to tolling: (1) actual

24   innocence; and (2) that he lacked the mental capacity to severe depression to timely file.

25        **1.    Actual Innocence**

26        On May 28, 2013, the Supreme Court held that a federal court may entertain an

27   untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v.

28   Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 2013 WL 2300806 (2013). To qualify for

the equitable exception to the timeliness bar based on actual innocence, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" 133 S. Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, 1936 (quoting Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924, 1935.

Petitioner asserts that he is actually innocent because he never sexually penetrated the victim. (Pet. at 3.) Petitioner claims that a doctor examined the victim in June or July of 2010, and found there was no sexual penetration. (Id.) He claims that his wife and his attorney were aware of the results of the examination, but still went forward with the plea agreement in March 2011.

Petitioner's claims, without further explanation, do not undermine his guilt. Petitioner has provided only old evidence that was known prior to his plea agreement. Further, his argument that the evidence establishes his factual innocence is without merit. Petitioner was convicted of continuous sexual abuse under California Penal Code § 288.5. Continuous sexual abuse under section 288.5 can constitute three or more acts of lewd or lascivious conduct, as defined in Section 288. Cal. Penal Code § 288.5(a). And lewd or lascivious conduct does not require the act of penetration:

> Section 288 is quite broad. As the California Supreme Court has explained, "[n]othing in [§ 288] restricts the manner in which [the prohibited] contact can occur or requires that specific or intimate body parts be touched." People v. Martinez, 11 Cal. 4th 434, 45 Cal. Rptr. 2d 905, 903 P.2d 1037, 1041 (Cal. 1995). "[A]ny touching of an underage child is 'lewd or lascivious' within the meaning of section 288 where it is committed for the purpose of sexual arousal." Id. at 1042. And, as the

6

language of § 288 expressly states, "a touching of 'any part' of the victim's body is . . . prohibited." Id. at 1041 (quoting Cal. Penal Code § 288(a)).

Chavez-Solis v. Lynch, 803 F.3d 1004 (9th Cir. 2015). Accordingly, even if Petitioner's assertions are true that he did not sexually penetrate the victim, he has not made a credible showing of innocence.

Accordingly, the evidence presented in the opposition is not sufficient to support a finding of actual innocence. Petitioner's new evidence, if presented to a reasonable juror, would not convince the juror of his innocence. Petitioner's actual innocence claim is without merit.

## 2.   **Mental Impairment**

The Ninth Circuit has determined that mental impairment can represent an extraordinary circumstance and serve as a basis for equitable tolling under AEDPA. See Orthel v. Yates, 795 F.3d 935, 938-41 (9th Cir. 2015); Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. Cal. 2010); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." Laws, 351 F.3d 919, 922-23 (9th Cir. 2003). The Ninth Circuit has explained that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

(a) petitioner was unable rationally or factually to personally understand the need to timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental [*11] impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to

file. The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (internal citations and footnote omitted). Therefore, in order to evaluate whether a petitioner is entitled to equitable tolling, a district court should:

(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. at 1100-01.

If the petition or the record contains some evidence of a period of mental incompetency, courts have generally required further factual development of the record. See Laws, 351 F.3d at 923-24 (describing extended incompetency evaluations at petitioner's trial); Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 814 (9th Cir. 2003) (describing a record documenting "serious mental problems for many years"). On the other hand, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition.). Also, "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." Orthel v. Yates, 795 F.3d at 939-940 (citing Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010)).

1   Petitioner contends that after his conviction, he became severely depressed,
2   creating a mental impairment until November, 2013 which prevented him from legally
3   challenging his conviction. Petitioner provides some support that his mental health was
4   impaired. He asserts that he was placed in the prison mental health program in April,
5   2011. (Pet. at 7.) Petitioner claims that as a result of the conviction, his wife initiated
6   divorce proceedings, contributing to his depression. (Id. at 9.) As a result of his
7   depression he lost over fifty pounds, and at one point weighed no more than 107
8   pounds. (Id.) However, Petitioner states that he rededicated his life to Christianity, and
9   became aware of his alleged innocence as of November, 2013. (Id. at 9-10.) In support
10  of his claim of mental impairment, Petitioner attached a copy of a February 6, 2014,
11  mental health treatment plan stating that Petitioner was diagnosed with major depressive
12  disorder. In a slightly later evaluation dated February 12, 2014, a clinician noted that
13  Petitioner "presented as very quiet and depressed." (Pet. at 31.) However, Petitioner was
14  cooperative and friendly, and remained alert and attentive. (Id.)

15      The Court assumes that Petitioner has made a non-frivolous showing that he may
16  have been severely mentally impaired. Bills, 628 F.3d at 1100-01. Rather than require
17  further factual development as required by Ninth Circuit authority to determine whether
18  Petitioner's mental capacity rendered him unable to prepare a habeas petition, (See e.g.,
19  Laws v. Lamarque, 351 F.3d at 924) the Court will assume that Petitioner is entitled to
20  equitable tolling until November, 2013, when Petitioner asserts he was no longer
21  impaired.

22      Even if provided equitable tolling, Petitioner did not file his first state habeas
23  petition until December 24, 2104, over a year later and after the expiration of the one
24  year limitations period. The present petition would remain untimely, even if Petitioner is
25  found entitled to equitable tolling.

26  **E.   Procedural Default**

27      Respondent, in his answer asserts that Petitioner's claims are procedurally
28  defaulted. (Answer at 7-11.) In an effort to conserve judicial resources, and having found

1   that Petitioner's claims are untimely, the Court will not address whether the claims are
2   procedurally defaulted.

3       **F.     Petitioner's Motions**

4           Petitioner has filed significant correspondence with the Court, much of which asks
5   the Court to hear his claims, transfer him to a different institution, provide discovery, or
6   request his immediate release. (ECF Nos. 20, 29, 30.) As the petition is untimely, it is
7   recommended that Petitioner's outstanding motions and requests be denied as moot.

8   **III.   Conclusion**

9           As explained above, Petitioner failed to file the instant petition for Habeas Corpus
10  within the one year limitation period required by 28 U.S.C. § 2244(d). Even assuming
11  Petitioner is entitled to the benefit of equitable tolling,  his federal petition was still
12  untimely filed. Based on the foregoing, this Court recommends that the petition be
13  dismissed and that Petitioner's outstanding motions be denied as moot.

14  **IV.   Recommendation**

15          Accordingly, the Court HEREBY RECOMMENDS that the petition be dismissed
16  based on Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation. It
17  is further recommended that Petitioner's outstanding motions be denied as moot.

18          This Findings and Recommendation is submitted to the assigned  United States
19  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
20  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
21  District of California. Within fourteen (14) days after the date of service of this Findings
22  and Recommendation, any party may file written objections with the Court and serve a
23  copy on all parties.  Such a document should be captioned "Objections to Magistrate
24  Judge's Findings and Recommendation."  Replies to the Objections shall be served and
25  filed within fourteen (14) days after service of the Objections. The Finding and
26  Recommendation will then be submitted to the District Court for review of the Magistrate
27  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to

28

1   file objections within the specified time may waive the right to appeal the District Court's

2   order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

3

4   IT IS SO ORDERED.

5       Dated:    September 2, 2016          /s/ *Michael J. Seng*

6                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11